OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

---

OPINION

of

JOHN K. VAN DE KAMP
Attorney General

ANTHONY S. DA VIGO
Deputy Attorney General

:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 90-493

JUNE 13, 1990

---

CHARLES RAY and JOE CULVER, applicants herein, filed their petition for leave to sue in quo warranto on April 18, 1990. On April 30, 1990, proposed defendant JOHN BOSTA filed his opposition to application for leave to sue. On May 4, 1990, applicants filed their reply to the opposition.

CONCLUSION

It is concluded that leave to sue should be DENIED without prejudice.

Material Facts

The Eagle Lake Community Services District ("ELCSD," *post),* a community services district within the County of Lassen, was formed on June 11, 1985, for the purpose of providing fire protection and sanitary sewer service within its boundaries.

On November 3, 1987, proposed defendant John Bosta ("defendant," *post*), who resided within the district, was elected as a director on the board of directors of ELCSD, and assumed that office, which he presently occupies, on December 1, 1987.

On January 10, 1990, the Board of Supervisors of Lassen County approved a reorganization, consisting of a detachment from ELCSD and formation of the Stones\Bengard Community Services District ("SBCSD," *post*), resulting in the division of ELCSD into two separate districts.

By virtue of the reorganization, defendant's residence is presently located within the territory of SBCSD, and not of ELCSD.

Legal Issues

The principal issues presented are whether continued residence within ELCSD is a statutory prerequisite for holding the office of director on the board of directors of that district, and

1.                                                                                      90-493

whether defendant, who no longer satisfies that prerequisite, was disqualified from continuing in office as of the date of reorganization.

A public office of a district becomes vacant upon its occupant ceasing to be an inhabitant therein, *where local residence is required by law.* (Gov. Code, § 1770, subd. (e).) Government Code section 61200 provides as follows:

"Each district shall have a board of three or five directors, as stated in the petition for formation, *all of whom shall be registered electors residing within the boundaries of the proposed district* and all of whom shall be elected at large."

The issue first arising would be whether, under the quoted statute, continued residence throughout the term of office is required.

We have not been apprised by this application as to the appointment of a qualified successor. (See generally Gov. Code, § 1780.) Government Code section 61206 provides as follows:

"Each director elected or appointed shall hold office *until his successor qualifies."*

The second issue arising would be whether, under the quoted statute, defendant may nevertheless continue to hold office until his successor qualifies.

The Public Interest

There is, in any event, an action now pending in the Court of Appeal for the Third Appellate District, styled *Eagle Lake Community Services District, appellant* v. *Lassen County Local Agency Formation Commission, Board of Supervisors of the County of Lassen, respondents*, case No. 3 Civil C008575 on the files of said court. The issue presented for judicial determination in that case and which underlies the contentions raised in this application for leave to sue in quo warranto, is whether the reorganization of ELCSD into two separate districts was validly accomplished and legally effective.

The Attorney General has discretion to deny leave to sue when it is determined that such action would not be in the public interest. (*City of Campbell* v. *Mosk* (1961) 197 Cal.App.2d 640, 650; 67 Ops.Cal.Atty.Gen. 151, 153 (1984).) We have previously determined that it would not serve the public interest to grant an application pursuant to section 803 of the Code of Civil Procedure where the issues to be resolved in such action are pending in a California court in another action. (73 Ops.Cal.Atty.Gen. 109 (1990).) The issues presented in this application, i.e., whether continuous residence is required, and if so whether a nonresident officer once duly appointed or elected may continue to hold office until a successor qualifies, are not pending in a judicial action. However, the underlying issue, i.e., whether the reorganization was legally effective, which will determine whether defendant is or is not a resident of ELCSD, and which must be resolved as the predicate of an action in quo warranto, is now pending in a judicial action.

The application for leave to sue is denied without prejudice to its reinstatement should the above referenced action now pending in the Court of Appeal be terminated without resolution on the merits.

\* \* \* \* \*